**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **Case No. 18-cr-214-PWG** |
| **KAMLESH CHAHAUN** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Before the Court is Defendant Kamlesh Chauhan's motion to vacate his sentence under 28 U.S.C. § 2255 and motion for appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B), ECF No. 47. Mr. Chauhan is proceeding as a self-represented litigant after pleading guilty on November 26, 2018 to one count of unlawful sexual contact in violation of 18 U.S.C. § 2244(b). Mr. Chauhan was represented by counsel through his sentencing hearing, where he received a sentence of 10 months' incarceration, followed by 12 months of supervised release. Judgment, ECF No. 38.

Mr. Chauhan's term of incarceration ended on March 11, 2020. Bop.gov/inmateloc (last visited June 7, 2021). His 12-month term of supervised release has since expired. Despite no longer being subject to custody, because he filed his motion while incarcerated, Mr. Chauhan satisfies the custodial prerequisite to a habeas corpus petition. § 2255(a); s*ee Carafas v. LaValee*, 391 U.S. 234, 237–38 (1968) (holding that despite state habeas petitioner's sentence expiration, his petition, filed while incarcerated, was not moot; "once the federal jurisdiction has attached in District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application"); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed.") (citing *Carafas*, 391 U.S. at 238); *Wolfe v.*

1

*Clarke*, 718 F.3d 277, 286 n. 10 (4th Cir. 2013) (citing *Carafas* and *Maleng* with approval in noting vacatur of a petitioner's conviction did not deprive the district court of jurisdiction where petition was filed while petitioner was in custody); *Woodfolk v. Maynard*, 857 F.3d 531, 539 (4th Cir. 2017) ("It is well settled that the 'in custody' requirement applies at the time a petition is filed.); *see also Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) ("That Torzala is no longer in custody or on supervised release, and had neither status at the time the district court denied his motion, does not preclude out review. Torzala was in custody when he filed the motion, and that is all that is required to be 'in custody' under the statute.") (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

The basis of Mr. Chauhan's § 2255 motion is twofold: he alleges counsel twice rendered ineffective assistance in violation of the Sixth Amendment, first in counsel's failure to properly advise him of the elements of the offense to which he pleaded guilty, and second for counsel's failure to object to a two-point increase to Mr. Chauhan's offense level (from 10 to 12) at the sentencing hearing. Def.'s Mot. 4–5. Mr. Chauhan also seeks appointment of counsel, stating he is unable to present the claims himself. Def.'s Mot. 6.[1] The Government filed an opposition to the motion, ECF No. 52, and Mr. Chauhan a reply, ECF No. 55. I have reviewed all the materials and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2018). Because Mr. Chauhan failed to show the requisite prejudice on either of his ineffective assistance claims, *see Strickland v. Washington*, 466 U.S. 668, 694 (1984), his § 2255 motion must be denied. I will also deny his motion to appoint counsel for the reasons stated below.

---

[1] Mr. Chauhan also moves for release on bail pending resolution of his motion, Def.'s Mot. 6, which is denied as moot in light of the sentence's expiration. Since the filing of his § 2255 motion, Mr. Chauhan also had filed for a stay of execution of the Judgment, ECF No. 56. The Government correctly states that no statute or rule permits such relief, and therefore the motion for a stay is denied. Gov't Opp. at 1, ECF No. 57.

**Background**

The facts of this case, as set forth in the plea agreement, are as follows:

At all relevant times, the victim ("V-1") was a research entomologist for the Department of Agriculture, assigned to the Beltsville Agricultural Research Center ("BARC") located in Beltsville, Maryland. The Defendant, KAMLESH CHAUHAN ("CHAUHAN") was also a research entomologist at the same facility. Some time after they both started working at BARC in 2001, V-1 and CHAUHAN began working together, and CHAUHAN became the V-1's supervisor.

On multiple occasions, CHAUHAN kissed V-1 without V-1's consent, sometimes asking V-1 to come into his office and sometimes committing the actions in a laboratory. At other times, CHAUHAN kissed V-1's breast, placed his hand beneath V-1's clothing, and pushed V-1 against a wall where he kissed V-1 on the face, all without V-1's consent. V-1 repeatedly told CHAUHAN that V-1 did not want to have any such contact with him.

On March 30, 2018, V-1 was in CHAUHAN's office. CHAUHAN told V-1 to stand up for a hug and tried to kiss V-1. CHAUHAN touched V-l's right breast and tried to remove V-1's shirt. V-1 pulled the shirt back down and left.

BARC is located on lands within the special maritime and territorial jurisdiction of the United States.

Attachment A to Plea Agreement, Stipulation of Facts, ECF No. 23-1.

Mr. Chauhan was arraigned on May 14, 2018, after being indicted on three counts of abusive sexual contact. Indictment, ECF No. 1; Arraignment, ECF No. 15. As the Government states, the case resolved in a plea agreement under Fed. R. Crim. P. 11(c)(1)(C) with a joint agreement to recommend the Court impose a sentence of 10 months imprisonment. Gov't Opp. 2; Plea Agreement, ECF No. 23. That agreement included a two-level increase to Mr. Chauhan's Sentencing Guidelines offense level due to the victim being in "supervisory control by the defendant." Plea Agreement 4, ¶ 6(c).

Mr. Chauhan's petition hinges on language in the plea agreement setting forth the elements of the offense. The plea agreement set out the elements as follows:

3

> The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: That on or about the time alleged in the Indictment, in the District of Maryland, the Defendant (1) engaged in sexual contact; (2) acted knowingly when he engaged in that sexual contact; (3) did so with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; and (4) did so on lands within the special maritime and territorial jurisdiction of the United States.

Plea Agreement at 1, ¶ 2.  I conducted a thorough Rule 11 colloquy with Mr. Chauhan to ensure he entered the plea knowingly, voluntarily, and with a full understanding of the agreement.  After being sworn, Mr. Chauhan acknowledged that he understood the agreement, had sufficient time to discuss the agreement with his attorney, entered his plea voluntarily and without coercion, and had had enough time to review the terms of the plea.  Ex. 1 to Gov't Opp. 2–5, Plea Hearing Transcript, ECF No. 52-1.  Additionally, the Government read the above statement of facts into the record. *Id.* at 26–27.  Mr. Chauhan admitted under oath that those facts were true, and that, had this case proceeded to trial, the Government would have proved those facts beyond a reasonable doubt.  *Id.* at 27.

## Standard of Review

28 U.S.C. § 2255(a) permits a prisoner[2] to file a motion to vacate, set aside or correct his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States . . . ."  The petitioner must prove his case by a preponderance of the evidence.  *Miller v. United States,* 261 F.2d 546, 547 (4th Cir. 1958); *Brown v. United States*, Civil No. DKC-10-2569

---

[2] Mr. Chauhan filed his motion while incarcerated and has since completed his sentence. However, as noted, the custody prerequisite for a habeas petition is assessed at the time a petition is filed and Mr. Chauhan therefore satisfies this requirement.  *See Woodfolk v. Maynard*, 857 F.3d 531, 539 (4th Cir. 2017) ("It is well settled that the 'in custody' requirement applies at the time a petition is filed.) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238–39 (1968); *Griffin v. Balt. Police Dep't*, 804 F.3d 692, 697 (4th Cir. 2015)).

& Crim. No. DKC-08-529, 2013 WL 4562276, at *5 (D. Md. Aug. 27, 2013). If the court finds for the prisoner, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Although "a *pro se* movant is entitled to have his arguments reviewed with appropriate deference," the Court may summarily deny the motion without a hearing "if the § 2255 motion, along with the files and records of the case, conclusively shows that [the prisoner] is not entitled to relief." *Brown*, 2013 WL 4562276, at *5 (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir.1978); 28 U.S.C. § 2255(b)).

To prevail on a claim of ineffective assistance of counsel as the alleged Constitutional violation,

> a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Id*. at 689; *see also Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297–99 (4th Cir. 1992). Furthermore, the petitioner "bears the burden of proving *Strickland* prejudice." *Fields*, 956 F.2d at 1297. "If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." *Fields*, 956 F.2d at 1297 (citing *Strickland*, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court may not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. *Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . *Strickland* if the 'result of the proceeding was fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

*United States v. Lomax*, Civil No. WMN-13-2375 & Crim. No. WMN-10-145, 2014 WL 1340065, at *2 (D. Md. Apr. 2, 2014).

To show prejudice, the defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). A probability is reasonable if it is "sufficient

5

to undermine confidence in the outcome." *Id.* Additionally, the defendant must show that "the 'result of the proceeding was fundamentally unfair or unreliable.'" *Lomax*, 2014 WL 1340065, at *2 (quoting *Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993))); *see also Lockhart*, 506 U.S. at 369 ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). If the defendant fails to show prejudice, the Court need not consider the performance prong. *Id.*

## Discussion

1) *Guilty Plea*

   The plea agreement in this case recited the elements of 18 U.S.C. § 2244(b) as follows:

   on or about the time alleged in the Indictment, in the District of Maryland, the Defendant (1) engaged in sexual contact; (2) acted knowingly when he engaged in that sexual contact; (3) did so with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; and (4) did so on lands within the special maritime and territorial jurisdiction of the United States.

Plea Agreement 1, ¶ 2, ECF No. 23. What's missing from the agreement, Mr. Chauhan argues, is the element that the conduct was done without the alleged victim's permission. Def.'s Mot. 4 (citing *United States v. Price*, 2019 U.S. App. LEXIS 10814, at *15 (9th Cir. Apr. 12, 2019)). Mr. Chauhan claims that had he known about the permission element, he would not have entered a guilty plea and would instead have proceeded to trial, considering the voluminous evidence he possessed indicating a consensual relationship between himself and the victim. Def.'s Mot. 1–2 (§ II. Statement of Relevant Facts detailing photographs of the victim with Mr. Chauhan).

6

The plain text of the statute[3] instructs that a § 2244(b) conviction requires a lack of permission on the victim's part.  But just because the statute notes the requirement that the conduct occur without the victim's permission, and that this language was missing from the plea agreement, does not entitle Mr. Chauhan to relief.  A viable starting point in determining the correct outcome here is the Government's invocation of the Fourth Circuit's charge that "solemn declarations in open court affirming a plea agreement . . . carry a strong presumption of verity, because courts must be able to rely on the defendant's statements made under oath" during a Rule 11 plea proceeding.  Gov't Opp. 6 (citing *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005)).

When Mr. Chauhan entered his guilty plea on November 26, 2018, I reviewed the statement of facts attached to the plea agreement with him in open court and—under oath—Mr. Chauhan affirmed that the facts contained in that statement were true and accurate.  Statement of Facts, ECF No. 23-1.  Included was the following statement: "[o]n multiple occasions, CHAUHAN kissed V-1 without V-1's consent . . . .  At other times, CHAUHAN kissed V-1's breast, placed his hand beneath V-1's clothing, and pushed V-1 against a wall where he kissed V-1 on the face, all without V-1's consent." *Id*.

As *Lemaster* instructs, district courts should summarily dismiss "any § 2255 motion that necessarily relies on allegations that contradict [a defendant's] sworn statements." *Lemaster*, 403 F.3d at 222.  Contradicting the Rule 11 proceeding is precisely what Mr. Chauhan's motion seeks to accomplish and therefore it must be denied.

---

[3]   18 U.S.C. § 2244(b) states, in relevant part: "Whoever, in the special maritime and territorial jurisdiction of the United States . . . knowingly engages in sexual contact with another person *without that other person's permission* shall be fined under this title, imprisoned not more than two years, or both." (emphasis added).

As the Government correctly states, Mr. Chauhan "repeatedly agreed that the sexual acts were non-consensual." Gov't Opp. 8; Statement of Facts, ECF No. 23-1, Presentence Investigation Report at 4, ECF No. 37.  To claim otherwise now, couched as an ineffective assistance claim for failure to properly advise a defendant that his plea to the charge required proof that his sexual contact with the victim was without her permission, when he admitted under oath that it was, is entirely unconvincing.

Claims for ineffective assistance may be denied on the sole basis that a defendant fails to show prejudice; upon such a finding, a court need not address the deficient performance prong. *Lomax*, 2014 WL 1340065, at *2.  Here, I find Mr. Chauhan has failed to establish any prejudice, much less to do so by a preponderance of the evidence, as he is required to do. *Miller*, 261 F.2d at 547.  While Mr. Chauhan now claims that he would have proceeded to trial had counsel advised him that the essential elements of the offense included the victim's lack of permission, this assertion is flatly contradicted by Mr. Chauhan's repeated sworn statements that he *did indeed* engage in the charged sexual abuse without the victim's permission.  Further, Mr. Chauhan's assertions that he possessed evidence to prove he had a consensual relationship in this case are unconvincing.  While it may be true that the victim and Mr. Chauhan had repeated consensual encounters—a claim the Court does not credit but will assume is true for the sake of argument—the facts of this case conclusively show that on multiple occasions, Mr. Chauhan engaged in sexual acts with the victim without the victim's permission.  Mr. Chauhan swore that he did so and swore that the Government would have proved its case beyond a reasonable doubt at trial.  Accordingly, the supposed prejudice here rings hollow, and the motion must be denied as to the first alleged grounds of ineffective assistance.

2) *Sentencing Hearing*

For similar reasons, I find the ineffective assistance claim as to the two-level enhancement fails. Mr. Chauhan cannot show that he suffered any prejudice from what he states was counsel's failure to object to application of the two-level enhancement under U.S.S.G. § 2A3.4(b)(3) for the victim being in Mr. Chauhan's "custody, care, or supervisory control." Again, the agreed-upon facts belie Mr. Chauhan's claim: "Some time after they both started working at [the Beltsville Agricultural Research Center] in 2001, V-1 and CHAUHAN began working together, and CHAUHAN became the V-1's supervisor." The sexual abuse occurred thereafter. The nature of Mr. Chauhan's supervisory relationship to V-1, again admitted to by him under oath, could not be clearer, nor could the appropriateness of the two-level enhancement.

The claim also fails because the plea agreement itself called for a two-level enhancement under U.S.S.G. § 2A3.4(b)(3). Written Plea Agreement, ECF No. 23 at ¶ 6(b). As noted, Mr. Chauhan swore during the Rule 11 colloquy that he understood and fully reviewed the agreement. And while Mr. Chauhan bases his claim on the failure of the probation officer that prepared the PSR to include the two-level enhancement of U.S.S.G. § 2A3.4(b)(3) he cites no authority that the Probation Office, rather than the Court, is the final arbiter of guideline applications. Nor has he shown that his admission under oath of the factual predicate for that sentencing enhancement did not justify its application by the Court when it determined the sentencing guidelines in his case. Indeed, such a claim would be contradicted by statute. *See* 18 U.S.C. § 3553(a) (listing factors a *court* must consider when imposing a sentence, including the sentencing range established by the sentencing guidelines).

3) *Appointment of Counsel*

Finally, Mr. Chauhan seeks appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B). There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987) ([T]he right to appointed counsel extends to the first appeal of right, and no further."); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). Instead, the Court has discretion to appoint counsel in proceedings where justice so requires. 18 U.S.C. § 3006A(a)(2)(B) (providing interests of justice standard for appointment of counsel in post-conviction proceedings including § 2255 petition). The record reflects that Mr. Chauhan has capably presented his petition for post-conviction relief without the assistance of counsel. After all, he holds a PhD in a scientific field, and was employed by the United States Department of Agriculture as a research chemist, PSR, ECF No. 26 at ¶¶ 44, 46, so there is no credible evidence that he lacks the ability to express himself, organize his arguments, and state them clearly, just has he has done in his filings. He has more than demonstrated his ability to effectively communicate the basis for the relief that he requests, therefore, interests of justice do not require me to appoint counsel to represent him. Therefore, I deny Mr. Chauhan's motion to appoint counsel.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255 provides that the court must "issue or deny a certificate of appealability when it enters a final order adverse to the petitioner." *Brown*, 2013 WL 4562276, at *10. This certificate "is a 'jurisdictional prerequisite' to an appeal from the court's order" that "may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Id.* (quoting 28 U.S.C. § 2253(c)(2) and citing *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007)). A prisoner makes this showing "[w]here the court denies a petitioner's motion on its merits . . . by demonstrating that

reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong." *Id.* (citing *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because Mr. Chauhan has not shown that a reasonable jurist "would find the court's assessment of the constitutional claim[] debatable or wrong," and therefore has not made a substantial showing that his Constitutional rights were denied, I will not issue a certificate of appealability. *See id.*; 28 U.S.C. § 2253(c)(2). *Miller-El*, 537 U.S. at 336–38; *Slack*, 529 U.S. at 484. However, this ruling does not preclude Mr. Chauhan from seeking a certificate of appealability directly from the Fourth Circuit if he wishes to do so. *See* 4th Cir. Loc. R. 22(b)(1).

## **Conclusion**

Mr. Chauhan's Motion to Vacate, Set Aside or Correct Sentence is DENIED for the reasons stated above. This Memorandum Opinion disposes of ECF Nos. 47 and 56 in Criminal No. PWG-18-214.

The Clerk is directed to file a copy of this Memorandum Opinion in Criminal No. PWG-18-214 and Civil Action No. PWG-19-3646, to MAIL a copy of it to Defendant, and to CLOSE Civil Action No. PWG-19-3646.

A separate Order follows.

_6/7/21_____                                               _____/s/_____
Date                                                                                     Paul W. Grimm
                                                                                              United States District Judge